# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ACE-TECH AUTO SALES, INC., | ) |
| Plaintiff, | ) |
| | ) |
| v | ) 2:11-cv-101 |
| MOUNTAIN STATE AUTO AUCTION, INC. | ) |
| and CAPITAL CITY AUTO AUCTION, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## MEMORANDUM ORDER

Pending before the Court is the MOTION TO DISMISS (Document No. 8) filed by Defendants, with a brief in support. Plaintiff Ace-Tech Auto Sales, Inc. ("Ace-Tech") filed a response in opposition with several exhibits and Defendants filed a reply brief. The motion is ripe for disposition.

Defendants assert the following arguments: (1) the entities named as Defendants in this lawsuit did not enter into a contract with Plaintiff; (2) this Court lacks subject matter jurisdiction because an indispensable party, the actual contracting party, Joe R. Pyle, doing business as Joe R. Pyle Complete Auction Service a/k/a Joe R. Pyle Complete Auction and Realty Service (hereafter "Pyle"), and Plaintiff are both citizens of Pennsylvania; and (3) the Complaint fails to state valid claims for negligence, fraudulent misrepresentation or punitive damages.

The Court first considers the challenge to its subject-matter jurisdiction, which is dispositive. Defendants attached the relevant contract as Exhibit 2 to the Motion to Dismiss. Ace-Tech has not disputed the authenticity of the contract or Defendants' assertion that the contracting party was Joe R. Pyle Complete Auction Service. Nor does Ace-Tech dispute that Pyle is a citizen of Pennsylvania. Plaintiff merely contends that Pyle is not registered as a fictitious or corporate entity in Pennsylvania or West Virginia. As Defendants point out, it is not

necessary for a sole proprietorship to register as a fictitious or corporate entity, nor does the lack of registration affect the validity of a contract entered into by that entity. *W.F. Meyers Co., Inc. v. Stoddard,* 526 A.2d 446, 448 (Pa. Super. 1987); 54 Pa. C.S.A. § 331(a).

Defendants contend that Pyle is an "indispensable party" pursuant to Fed. R. Civ. P. 19. The Court agrees. In *Caribbean Telecommunications Ltd. v. Guyana Tel. & Tel. Co. Ltd.*, 594 F.Supp.2d 522, 532 (D.N.J. 2009) (involving an analogous factual situation), the Court explained: "It is well established that a contracting party is the paradigm of an indispensable party for contract claims." (Citations omitted). The *Caribbean Telecommunications* Court refused to allow the plaintiff to maintain contract-based claims against entities that were not parties to the contract without joining the actual contracting party as a defendant. Further, because the actual contracting entity would have destroyed complete diversity, the Court dismissed the case with prejudice for lack of subject-matter jurisdiction. *Id.* The same result is required here.

In accordance with the foregoing, the MOTION TO DISMISS (Document No. 8) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** for lack of jurisdiction. The clerk shall docket this case closed.

SO ORDERED this 25th day of April, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **James S. Ehrman, Esquire**
Email: jehrman@margolisedelstein.com
**Meghan F. Wise, Esquire**
Email: wise@zklaw.com
**Christopher T. Yoskosky, Esquire**
Email: yoskosky@zklaw.com